**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **10-05650-hb**
Adversary Proceeding Number: **10-80136-hb**

### ORDER ON MOTION TO RECONSIDER

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/11/2011**



US Bankruptcy Judge
District of South Carolina

Entered: 08/12/2011

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Kenneth Joseph Pujdak and Jo Ellen Sands Pujdak,<br><br>　　　　　　　　　　Debtor(s). | C/A No. 10-05650-HB<br><br>Adv. Pro. No. 10-80136-HB |
| Janet Voss,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>v.<br><br>Kenneth Joseph Pujdak<br>Jo Ellen Sands Pujdak,<br><br>　　　　　　　　　　Defendant(s). | Chapter 7<br><br>**ORDER** |

Plaintiff filed a *Motion to Reconsider*[1] after entry of this Court's prior Order and Judgment excepting certain debts from Defendants' bankruptcy discharge.[2] On Plaintiff's Motion and prior to a trial on the merits, the Court found that a debt established by a pre-petition state court default judgment granting Plaintiff actual damages of $42,830.68 for violation of state securities laws was excepted from discharge pursuant to 11 U.S.C. § 523(a)(19),[3] and found that the there were genuine issues of material fact with regard to Plaintiff's § 523(a)(2)(A)[4] claim.

---

[1] Doc. No. 28, filed on July 8, 2011.
[2] Doc. No. 26, entered on June 30, 2011.
[3] 11 U.S.C. § 523(a)(19) excepts from discharge any debt that:
　　(A) is for—
　　　　i. the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
　　　　ii. common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
　　(B) results before, on, or after the date on which the petition was filed, from—

Plaintiff argues that the amount of the nondischargeable debt should be increased to reflect the treble damages awarded to Plaintiff in that state court action. Plaintiff also asserts that, as an alternate ground for relief, the Court should reconsider its unfavorable ruling on Plaintiff's Motions relating to her § 523(a)(2)(A) claim. In summary, Plaintiff seeks to increase the amount of the nondischargeable judgment from $42,830.68 to $135,624.54 without the need for a trial on the merits in the bankruptcy court.

Federal Rule 59(e)[5] does not set forth a standard for the Court to grant a motion to alter or amend a judgment. However, the Fourth Circuit recognizes that there are three grounds to amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Amer. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted).

### SECTION 523(A)(19) ACTION

The Court's prior § 523(a)(19) decision relied on a state court default judgment that found the Defendants liable for damages resulting from common law negligence, fraud and constructive fraud, quantum meruit, and violation of the South Carolina Securities Act of 2005 ("SC Securities Act"), S.C. Code Ann. § 35-1-101 *et seq.* (1976), and the South

---

    i. any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
    ii. any settlement agreement entered into by the debtor; or
    iii. any court or administrative order or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19). Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, will be by section number only.

[4] 11 U.S.C. sec. 523(a)(2)(A) prohibits the discharge of debt obligations "obtained by false pretenses, a false representation, or actual fraud . . ." 11 U.S.C. § 523(a)(2)(A).

[5] There is no "Motion to Reconsider" set forth in the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure. However, after a review of the pleadings, the Court surmises that Plaintiff seeks relief from the Court under Federal Rule 59(e), made applicable to this adversary proceeding by Bankruptcy Rule 9023.

2

Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 *et seq*. The state court found that Defendants caused Plaintiff actual damages totaling $42,830.68, then further concluded that "[u]nder the SCUTPA claim, specifically SC Code 39-5-140[6], Plaintiff is entitled to a trebling of damages, and costs and attorney fees. Damages are awarded in the amount of $128,492.04. By separate affidavit, counsel for Plaintiff has submitted fees and costs in the amount of $7,132.50."[7] Despite the fact that the state court trebled the Plaintiff's damages, this Court found in its prior Order that only the actual damages identified in the default judgment were nondischargeable under § 523(a)(19) at this stage of the proceeding.[8]

Plaintiff now argues that the full amount of the state court default award is conclusively nondischargeable[9] pursuant to *Cohen v. De La Cruz et al.*, 523 U.S. 213, 118 S.Ct. 1212 (1998). After a review of applicable law, the Court disagrees with the Plaintiff. In *Cohen*, the Supreme Court found that treble damages awarded under the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56-2, 56:8-19 (West 1989), were nondischargeable under § 523(a)(2)(A). *Cohen*, 523 U.S. at 223. *Cohen* effectively held that not only were the creditors' compensatory damages excepted from discharge, but the trebled damages and attorney's fees were similarly nondischargeable because they were a part of the creditors' statutory remedy.

---

[6] S.C. Code § 39-5-140 provides that:
> If the court finds that the use or employment of the unfair or deceptive method, act or practice was a willful or knowing violation of § 39-5-20, the *court shall award three times the actual damages sustained* and may provide such other relief as it deems necessary or proper. Upon the finding by the court of a violation of this article, the court shall award to the person bringing such action under this section reasonable attorney's fees and costs.

S.C. Code Ann. § 39-5-140(a) (West 1976) (emphasis added).

[7] Doc. No. 12, Ex. 3 at 4.

[8] Plaintiff's prior pleadings and arguments did not make it clear to the court that Plaintiff was requesting a determination that the trebled damages amount should be excepted from discharge as a result of the prior motion on the § 523(a)(19) claim.

[9] See prior order for a discussion of the preclusive effect of the default order on this action.

3

Although *Cohen* involved a claim asserted under § 523(a)(2)(A), it appears from an analysis of applicable law that all damages allowable as a result of a violation of any State securities laws would be excepted from discharge pursuant to § 523(a)(19).[10] Thus, any finding of nondischargeability pursuant to § 523(a)(19) is limited by the damages permitted under the applicable securities law.[11] Under the SC Securities Act, actual damages, costs and reasonable attorney's fees are the only recoverable damages. *See* S.C. Code Ann. § 35-1-509(b).[12] For that reason, it is evident that Plaintiff is not entitled to except treble damages from discharge as a result of § 523(a)(19) and this state law and, therefore, that request for relief is denied.

However, the Court finds that its decision must be altered in one respect. The Court failed to include the state court award of $7,132.50 for costs and attorney's fees in the prior judgment. As a result, Plaintiff's Motion is granted for the limited purpose of adding the sum of $7,132.50 to the amount excepted from discharge pursuant to § 523(a)(19). A separate judgment will be entered augmenting the Court's prior decision.

### SECTION 523(A)(2)(A) ACTION

Plaintiff also challenges the Court's decision on the § 523(a)(2)(A) claim, asking that claim preclusion doctrines be applied to resolve this cause of action in her favor without the

---

[10] *In re Rountree*, 330 B.R. 166, 172 (E.D. Va. 2004) (setting forth the principle that as long as the creditor can prove the underlying action, then any damages resulting from that action are nondischargeable).

[11] The cause of action in *Cohen v. De La Cruz et al.*, 523 U.S. 213, 118 S.Ct. 1212 (1998), was § 523(a)(2)(A), which was based on the court's finding that the debtor violated New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56-2, 56:8-19 (West 1989). Therefore, the creditors were entitled to trebled damages because the coinciding state law permitted the recovery of such damages. However, the underlying cause of action in the instant proceeding is based on a violation of the SC Securities Act, which does not permit the trebling of damages for securities violations. *See* S.C. Code Ann. § 35-1-509(b) (West 2011).

[12] The Official Comments to the statute clearly state that "[a]ctual damages means compensatory damages. Punitive or 'double' damages are not provided by this section which is also the standard under Section 28(a) of the Securities Exchange Act of 1934." Official Comment No. 1 to S.C. Code Ann. § 35-1-509 (citations omitted); *see also Carras v. Burns*, 516 F.2d 251, 259 (4th Cir. 1975) ("The Securities Exchange Act of 1934 forbids a person who brings a suit under the Act from recovering 'a total amount in excess of his actual damages.'" (quoting Securities Act of 1934 § 28(a), 15 U.S.C. § 78bb(a) (1975))).

need for further proceedings in the bankruptcy court. After a review of the prior Order and Plaintiff's arguments, the Court finds no merit to the § 523(a)(2)(A) challenge and, therefore, any related request for relief is denied.

Plaintiff may of course continue to pursue the remaining causes of action not yet finally determined by this or prior orders.

**AND IT IS SO ORDERED.**